Bissell, J.,
delivered the opinion of the court.
The verdict and judgment in favor of the city might perhaps be upheld if the parties to this litigation had undertaken to proceed under the statute to obtain a reference to determine the disputed questions of fact, or if they had attempted to enter into a common-law or statutory arbitration to reach the same result. So far as we are able to gather from the record what the parties did neither resulted in a reference nor in an arbitration. The proceeding was one wholly foreign to the statute and unlike most cases where the parties have attempted to settle their disputes through the labors of arbitrators. It might also be possible that the same end could be reached if the city was not wholly concluded by what its *439 attorney did under proper authority and hy a consent which he was undoubtedly competent to give. The record does not directly advise us, although it is very plain to he seen that the course pursued in the present case was taken because of a decision of the supreme court. There was considerable litigation respecting this viaduct and a suit was brought by Strait v. The City, to recover the damages occasioned by the construction. City of Pueblo v. Strait, 20 Colo. 13.
Therein the authority of the city to make the improvement and its responsibility for the resulting damage was determined. The opinion was rendered at the April term, 1894. The present suit was tried and the proceedings which are attacked were taken after that decision was handed down, and we must presume that it was because of it that the city authorities concluded since it had been adjudged by the highest judicial tribunal of the state that the municipality must respond for damages sustained by contiguous property by reason of the construction of this improvement, that it was needless to litigate the question as to the city’s liability and the easiest and least expensive method for the determination of this question was a reference of the matter to persons who might be selected who should view the property and decide the controversy. At all events we are able to see in this case and in that opinion enough to lead us to the conclusion that this course was taken because thereby the liability of the cily was established. However the fact may he, it is enough for the purposes of this case to say that acting under sufficient authority, whether general or specific, the attorney representing the city in the suit pending in the district court, did make the stipulation contained in the statement of facts. As we read it the stipulation admits of but one construction, and this construction compels us to reverse the judgment. Under it the question of damages was referred to two men under the order of the court made in pursuance of it. They were not referees neither were they arbitrators either under statutory provisions or the common law. This however does not affect the finality of their decision, nor can it he held that their *440 conclusion is to be overturned so long as they proceeded according to the terms of the agreement and acted under and in accordance with the instructions which were given by consent of the parties. Courts have gone a long way to uphold this method of settling disputes and to sustain awards which may be said to be full of irregularities by reason of the conduct of the arbitrators. As we look at it, the stipulation provided that the arbitrators should determine two things • first, the question of damage, and second, the amount of it, for there could be no assessment of damages without an antecedent determination of the question of fact, whether or not any damage had been sustained. When we conclude, as we do, that the parties agreed that these two men, whether you call them arbitrators or referees, commissioners, or by some other title, should decide whether there had been any damage, and if so, how much, and that that finding should be conclusive and final, neither one of the parties except for some other reason than what appears from this record, can be heard to complain. To hold and to argue otherwise, is to give to the municipality rights and privileges which could not have been in the contemplation of the parties. If these commissioners had determined that no damage had been sustained, the plaintiff would have been concluded, and the question of damage or no damage could not afterwards go to the jury. The city would instantly have contended that the company was bound by the agreement of submission and that the report of the referees or commissioners was conclusive. The city cannot be permitted to hold any other or different position, and to have the advantage of two trials of the same question when they have submitted the matter to one tribunal of their own selection. The finding of damages to the extent of $9,000, ex necessitate established the fact that there was damage. The parties stipulated that the matters should be referred to these two gentlemen to determine, and how can they now say that they did not find on the question which of necessity must have been determined by them in order to render an award. This conclusion determines the error which inheres *441 in the judgment. After the report no question was open except on those issues raised by the complaint and answer, other than the question of damage, respecting which the court very properly said in its instructions to the jury, there was no controversy.
We are quite of opinion that this element of consent found in the stipulation and in the giving of the instructions and the failure to except or object to any of them, or to except to the report, or to object to it when it was filed, determines all these matters against the city which eannot now be heard to complain. Farrington v. Hamblin, 12 Wend. 212; Yates v. Russell, 17 Johnson, 461; Harpending v. Munson et al., 91 N. Y. 650; Flatter v. McDermitt, 25 Ind. 326; Wilson v. Wilson, 18 Colo. 615.
It seems to be an almost universal principle from the very early times that wherever parties to an action consent to dispense with certain forms of procedure, or with the legal qualifications of the. tribunal selected to try it, or to refer the matter to a jury or to any persons by them selected to hear and determine, the proceedings will bind the consenting parties, and irregularities will not be available for the purpose of attacking the result. As Lord Coke puts it, in the case cited in the 17th Johnson, “ the consent of the parties shall alter the form and course of the law.” The agreement is regarded as entirely obligatory, and a change of convictions or a belief that the judgment is too large, the finding too great, or that it ought to have been the other way, are not matters which may be urged by the consenting party nor thereon is he permitted to base an attack on the judgment, the finding and report.
The city has built up a very elaborate argument on the proposition that the course of these commissioners was not according to the common law and did not follow the statutory course of arbitration. If we concede this, it does not entitle the city to a trial of the question whether or not there was damage, unless the report be first set aside. The city consented to the method, granted the authority, and must be *442 bound by the acts of the commissioners unless they make a showing of such misconduct on their part as would authorize the court to set the report aside. This was not done. The court sustained the report. Its judgment we are not disposed to question, nor do we believe the cross-error assigned with reference to it will stand. The showing was almost entirely on information and belief, and there was nothing in it to establish such misconduct as would warrant the court in entering any other order. Since we sustain this order and the report stands it leaves the naked question which we have already decided as to the force and effect of the report of Beaman and Anderson who were directed to try and determine the question. Prom this it results that the court erred in leaving it to the jury to find whether there was damage. The only matters which ought to have been tried were the other issues in the case. Sustaining these issues, the plaintiff was entitled to the judgment on the report for the damages which they found.
The judgment entered on the verdict of the jury will therefore be reversed and the cause sent back for a new trial in conformity with this opinion.

Reversed.